```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
A.D.,                                     :
                                          :
                    Plaintiff,            :        21cv5970 (DLC)
                                          :
             -v-                          :     MEMORANDUM OPINION
                                          :         AND ORDER
NEW YORK STATE DEPARTMENT OF              :
CORRECTIONS AND COMMUNITY SUPERVISION,    :
et al.,                                   :
                                          :
                    Defendants.           :
                                          :
-----------------------------------------X
```

APPEARANCES:

For plaintiff:
O. Williams Igbokwe
Igbokwe, PLLC
28 Liberty Street, 6th Floor
New York, NY 10005

For defendants:
Jeb Harben
New York State Office of the Attorney General
28 Liberty Street, 15th Floor
New York, NY 10005


DENISE COTE, District Judge:

The plaintiff has requested leave to file a third amended complaint.  For the following reasons, the request for leave to amend is granted.

## **Background**

On July 12, 2021, the plaintiff filed this lawsuit alleging, _inter alia_, that the defendants -- several New York

state agencies and officials -- were liable to him under 42

U.S.C. § 1983 because they violated his Constitutional rights by

delaying his release from prison beyond the expiration of his

sentence because he was unable to confirm housing in a mental

health facility upon his release.  The plaintiff's first

complaint, which sought both a permanent injunction and monetary

damages, named as defendants several New York state officials in

their official capacities.  The plaintiff filed a first amended

complaint on July 28, which also sought a permanent injunction

and monetary damages against several New York state officials in

their official capacities.

The defendants moved to dismiss the first amended complaint

on October 6.  They argued, inter alia, that the plaintiff's §

1983 claims for damages must be dismissed because the first

amended complaint named only New York agencies and New York

officials in their official capacities, and that such claims for

damages against state agencies and officials acting in their

official capacities are not permitted under § 1983.  See Will v.

Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  On

October 8, the Court ordered the plaintiff to file a second

amended complaint or oppose the motion to dismiss by October 27.

The plaintiff filed a second amended complaint on October

27.  That second amended complaint added additional factual

allegations, withdrew the request for injunctive relief, and

2

revised the list of defendants.  As with the first two

complaints, however, it continued to list as defendants only New

York state agencies and New York officials acting in their

official capacities.

An Order of this Court required the defendants to move to

dismiss the second amended complaint by December 1, and the

plaintiff to oppose that motion to dismiss by December 17.  The

defendants timely filed their motion to dismiss the second

amended complaint, again moving to dismiss the § 1983 claims for

damages on the grounds that such claims could not be sustained

against New York state agencies and New York officials acting in

their official capacities.

On December 15, the plaintiff requested leave to file a

third amended complaint.  In the body of the letter, the

plaintiff proposes an amended complaint that would sue the New

York officials in both their individual and official capacities.

The letter does not annex a proposed complaint or incorporate

the defendants' position on this request.  The letter also

suggests that the "Court's motion practice schedule as

established" -- which the plaintiff's counsel appears to

erroneously believe requires submission of an opposition to the

defendants' motion to dismiss the second amended complaint by
December 22[1] -- "shall not be affected."

## Discussion

When a party seeks to amend a pleading after having already
availed itself of the single opportunity provided as a matter of
course by the Federal Rules of Civil Procedure, "a party may
amend its pleading only with the opposing party's written
consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The
court should freely give leave when justice so requires."  Id.
"This is a liberal and permissive standard, and the only grounds
on which denial of leave to amend has long been held proper are
upon a showing of undue delay, bad faith, dilatory motive, or
futility."  Sacerdote v. New York Univ., 9 F.4th 95, 115 (2d
Cir. 2021) (citation omitted).  This litigation is at an early
stage and providing an opportunity to file a third amended
complaint would not unduly prejudice the defendants or cause
significant delay.  Accordingly, leave to amend is granted.

While leave to amend is granted, the Court notes that in
handling this matter, the plaintiff's counsel O. Williams
Igbokwe has fallen below the standards of practice expected in
this District.  It is hornbook law that, in order to pursue

---

[1] The Court's scheduling order in fact requires that any
opposition be submitted by December 17.

claims for monetary damages against government officials under §
1983, a plaintiff must sue those officials in their individual
capacities.  Will, 491 U.S. at 71; Quinones v. City of
Binghamton, 997 F.3d 461, 466 (2d Cir. 2021) ("Section 1983
allows plaintiffs to sue . . . officials in their personal
capacities . . . for deprivations of constitutional rights."
(emphasis supplied)); see also 13D C. Wright & A. Miller Fed.
Prac. & Proc. § 3573.1 (3d ed.) ("State and Territory officials
sued in their official capacities also are not 'persons' under §
1983.").

Although Igbokwe should have been familiar with this
fundamental principle of pleading in § 1983 cases before filing
the initial complaint in this action, to the extent that he was
not, the issue was brought to his attention by the defendants'
motion to dismiss the initial complaint.  Nevertheless, Igbokwe
filed a second amended complaint that did not address this
deficiency and did not seek to file a third amended complaint
that corrected this core deficiency of the prior complaints
until the eve of the deadline to file an opposition to the
defendants' motion to dismiss.  In making this request, he
failed to provide the Court with a proposed third amended
complaint, as is "normal procedure."  Salveson v. JP Morgan
Chase & Co., 663 Fed.Appx. 71, 76 (2d Cir. 2016) (citation
omitted).  He also failed to provide the defendants' position on

the request for leave to amend, which would have assisted the Court in evaluating it.

In sum, in his litigation of this matter, Igbokwe has not acted with the "legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."  N.Y. Rules of Prof. Con. 1.1(a).  The Court expects that, as this litigation continues, Igbokwe abides by a higher professional standard than that which has been displayed to date.

### Conclusion

The plaintiff's request for leave to amend is granted.  The plaintiff shall file a third amended complaint by **December 20,** with the sole amendment being that requested in the plaintiff's December 15 letter.  The Court sua sponte extends the time for the plaintiff to oppose the motion to dismiss from **December 17** to **December 20.**  The defendants' reply remains due **January 5, 2022.**

Dated:    New York, New York
          December 17, 2021

                                    _____
                                    DENISE COTE
                                    United States District Judge