UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
A.D.,                                  :
                                       :
                         Plaintiff,    :        21cv5970 (DLC)
                                       :
            -v-                        :        OPINION AND ORDER
                                       :
NEW YORK STATE DEPARTMENT OF           :
CORRECTIONS AND COMMUNITY SUPERVISION, :
et al.,                                :
                                       :
                         Defendants.   :
                                       :
-------------------------------------- X

APPEARANCES:

For plaintiff:
Onyuwoma Williams Igbokwe
Law Office of William Igbokwe
28 Liberty Street
6th Floor
New York, NY 10005

For defendants:
Jeb Harben
New York State Office of the Attorney General
28 Liberty Street
15th Floor
New York, NY 10005

DENISE COTE, District Judge:

        Plaintiff A.D.[1] brings claims against the New York State

Department of Corrections and Community Supervision ("DOCCS"),

---

[1] The plaintiff never requested leave to file pseudonymously.  To
warranty anonymity, the plaintiff's privacy interest must
outweigh "both the public interest in disclosure and any
prejudice to the defendant."  Sealed Plaintiff v. Sealed
Defendant, 537 F.3d 185, 189 (2d Cir. 2008).  This is a
reassigned case.  If this case were to proceed the plaintiff

the New York State Office of Mental Health ("OMH"), Commissioner
of the New York State Office of Mental Health Ann Marie T.
Sullivan, Acting Commissioner of the New York State Department
of Corrections and Community Supervision Anthony J. Annucci, and
Deputy Commissioner of the New York State Department of
Corrections and Community Supervision Anne Marie McGrath, as
well as various Doe defendants, for allegedly holding the
plaintiff in prison beyond his scheduled release date.  The
defendants have moved to dismiss the complaint.  For the
following reasons, the motion is granted.

## Background

The following facts are derived from the third amended
complaint ("TAC") and are assumed to be true for the purposes of
this motion unless otherwise noted.  On May 5, 2017, A.D. pled
guilty before the Nassau County Supreme Court to the criminal
sale of a controlled substance.  He was sentenced to one year
and six months' imprisonment to be followed by one year of post
release supervision.  A.D. alleges that he has a serious mental
illness.

---

would be required to address whether it could meet the standard
to bring this action anonymously.

Based on the credits he earned for good behavior, A.D. alleges that he should have been released from prison on November 24, 2017, at which point his period of post-release supervision would have begun.  See N.Y. Penal Law § 70.45(5)(a). Without those credits, A.D. contends that he should have been released from prison no later than February 13, 2018.  A.D. was not released, however, until September 10, 2018, because OMH had not identified appropriate mental health housing for him.

In moving to dismiss this action, the defendants have submitted a DOCCS record containing the plaintiff's sentencing term and release dates.  It is properly considered on a motion to dismiss, cf. Magniafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (criminal docket sheet is public record subject to judicial notice), and the plaintiff does not take issue with the accuracy of the record or the dates it reports.  The record reflects a conditional release date of November 25, 2017, a maximum expiration date of February 13, 2018, and a post release supervision maximum expiration date of February 13, 2019.  Thus, the TAC asserts claims premised on the plaintiff's release from custody during the one-year term of his post-release supervision.

A.D. brought this action on July 12, 2021, alleging that
his extended imprisonment violated his constitutional rights, as
well as his rights under the Americans with Disabilities Act
("ADA") and Rehabilitation Act.  A.D. amended the complaint on
July 28.  The defendants moved to dismiss the first amended
complaint on October 6.  The plaintiff then filed a second
amended complaint on October 27, removing a request for
injunctive relief, adding additional factual allegations, and
revising the list of defendants.  Defendants moved to dismiss
the second amended complaint on December 1.  On December 15, the
plaintiff requested leave to file a third amended complaint to
sue the individual defendants in both their official and
individual capacities.  The Court granted the plaintiff's
motion, and the plaintiff filed the TAC on December 20.  The
plaintiff also opposed the defendants' motion to dismiss on
December 20.  The motion became fully submitted on January 13,
2022.

## Discussion

The TAC brings causes of action against the defendants for
violation of two federal statutes: the Americans with
Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act,
29 U.S.C. § 794.  It also brings claims pursuant to 42 U.S.C. §

4

1983 for violation of the plaintiff's constitutional rights, specifically his substantive due process rights, Eighth Amendment rights, rights against false arrest, false imprisonment, and unlawful seizure, and for failure to intervene.  Finally, he brings a claim for liability under Monell v. Department of Social Services, 436 U.S. 658 (1978), for unconstitutional policies and practices.  The plaintiff seeks a declaration that his rights have been violated and damages.  The defendants have moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

    In order to state a claim and survive a motion to dismiss, "[t]he complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'"  Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1076-77 (2d Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "In determining if a claim is sufficiently plausible to withstand dismissal," a court "accept[s] all factual allegations as true" and "draw[s] all reasonable inferences in favor of the

plaintiffs." <u>Melendez v. City of New York</u>, 16 F.4th 992, 1010 (2d Cir. 2021) (citation omitted).  To evaluate the adequacy of a complaint, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." <u>United States ex rel. Foreman v. AECOM</u>, 19 F.4th 85, 106 (2d Cir. 2021) (citation omitted).

I.   Section 1983

A.   Identification of the Specific Right at Issue

Section 1983 provides a cause of action against state officials who cause a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  A.D. argues that the duration of his incarceration violated his substantive due process rights, his Eighth Amendment rights, and his rights against false arrest, false imprisonment, and unlawful seizure.  The first step in analyzing a § 1983 claim is identification of the specific constitutional right at issue.  See <u>Wright v. Goord</u>, 554 F.3d 255, 268 (2d Cir. 2009).

A.D.'s false arrest, false imprisonment, and unlawful seizure claims arise out of his rights under the Fourth Amendment.  See <u>Weyant v. Okst</u>, 101 F.3d 845, 852–53 (2d Cir.

6

1996).  The Fourth Amendment regulates detention before trial.
Manuel v. City of Joliet, 137 S. Ct. 911, 917 (2017).  A.D., by
contrast, challenges only the duration of his confinement after
his conviction.  Such challenges can instead be brought under
the Eighth Amendment.  See Francis v. Fiacco, 942 F.3d 126, 149–
50 (2d Cir. 2019); Gonzalez v. Hasty, 802 F.3d 212, 224 (2d Cir.
2015).  Accordingly, the Eighth Amendment, rather than the
Fourth Amendment, provides the appropriate framework with which
to analyze A.D.'s claims.[2]

A.D. also raises a substantive due process claim, and a
claim for failure to intervene.  Neither cause of action,
however, provides an independent standard under which to analyze
A.D.'s § 1983 claims.  "Where another provision of the
Constitution provides an explicit textual source of
constitutional protect, a court must assess a plaintiff's claims
under that explicit provision and not the more generalized
notion of substantive due process."  Southerland v. City of New
York, 680 F.3d 127, 142–43 (2d Cir. 2012) (citation omitted).
Similarly, a failure to intervene claim requires the plaintiff

---

[2] A.D.'s § 1983 challenge to the duration of his confinement is
not barred by the Supreme Court's decision in Heck v. Humphrey,
512 U.S. 477 (1994).  Huang v. Johnson, 251 F.3d 65, 75 (2d Cir.
2001).

to plausibly allege that the non-intervening officer "permitted fellow officers to violate clearly established statutory or constitutional rights of which a reasonable person would have known." Berg v. Kelly, 897 F.3d 99, 113 (2d Cir. 2018) (citation omitted).  In either case, A.D.'s claim under § 1983 requires that he point to a violation of another specific constitutional provision.

B.   Eighth Amendment

The Eighth Amendment prohibits "cruel and unusual punishment."  U.S. Const. amend. VIII.  A plaintiff may bring a claim under the Eighth Amendment pursuant to § 1983 when he has been incarcerated "for longer than his duly imposed sentence." Francis, 942 F.3d at 150.  To bring such a claim, the plaintiff must plausibly allege (1) that "the alleged deprivation [is], in objective terms, sufficiently serious," and (2) that "the charged official . . . act[ed] with a sufficiently culpable state of mind."  Id. (citation omitted).

A.D. points to two distinct periods of his extended confinement, each of which he alleges violated his constitutional rights.  First, A.D. was held for 291 days after he alleges that he should have been subject to early release due to good behavior, which was also 111 days past the point when he

8

alleges his period of post-release supervision should have ended
if he had received those good time credits.  Second, A.D. was
held for 210 days past the point that his period of supervised
release would have normally begun even without good time
credits.

    Neither of these periods of confinement constitutes an
Eighth Amendment violation.  Because A.D.'s post-release
supervision was scheduled to end in February of 2019, A.D.
alleges only that he was held during what should have been his
term of supervised release.  Under New York law, however,
conditional release is "in the discretion of the state board of
parole."  N.Y. Penal Law § 70.40(1)(a)(i).  It does not violate
the Constitution "to impose conditions on the conditional
release of an inmate."  Doe v. Simon, 221 F.3d 137, 139 (2d Cir.
2000).  The Second Circuit has held that inmates have no liberty
interest in being granted parole under New York's system.
Graziano v. Pataki, 689 F.3d 110, 114-15 (2d Cir. 2012)
(citation omitted).  Moreover, A.D. alleges that he was being
held while the State attempted to locate community housing

suitable for his mental health needs.  This is not a motivation that reflects a culpable state of mind.[3]

C.   Supervisory Liability

The plaintiff seeks to hold the named individual defendants vicariously liable for the allegedly unlawful actions of their employees.  If the plaintiff had stated a claim for violation of Eighth Amendment rights, then § 1983 claims against the individual defendants would nonetheless need to be dismissed. Under § 1983 there is no "special test for supervisory liability."  Tangreti v. Bachmann, 983 F.3d 609, 616 (2d Cir. 2020).  Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Id. (quoting Ashcroft v. Iqbal, 446 U.S. 662, 676 (2009)).

The TAC does not allege that the named individual defendants -- i.e., Sullivan, Annucci, and McGrath -- were personally involved in the alleged constitutional violations. Rather, the TAC alleges that these defendants employed the

---

[3] Additionally, even if A.D. had been held for 111 days after his entire sentence was supposed to have expired, the individual defendants may be entitled to qualified immunity.  See Francis, 942 F.3d at 150 (incarceration for four months past the lawful termination of a sentence did not violate a clearly established right under the Eighth Amendment).

individuals who were responsible.  But a government official must do more than merely supervise an officer responsible for a constitutional violation to be held liable themselves.  See id.

The plaintiff argues that the named defendants satisfy the test for supervisory liability articulated in Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).  Colon, however, has been overruled.  Tangreti, 983 F.3d at 617-18.  There is no longer any "special rule of liability for supervisors."  Id. at 618.  The plaintiff nevertheless argues that Colon's third prong is still good law, and that the defendants can be held liable if they "created a policy or custom under which unconstitutional practices occurred."  Colon, 58 F.3d at 873.  But the plaintiff does not explain what exactly this policy is, which defendants created it, or why it is unconstitutional.  Accordingly, the plaintiff has not plausibly alleged sufficient facts to support supervisory liability under § 1983.

The defendants actually responsible for the plaintiff's confinement remain unnamed.  In some circumstances, a plaintiff can amend a complaint to substitute a Doe defendant for a named individual.  See Hogan v. Fischer, 738 F.3d 509, 516-19 (2d Cir. 2013).  At this point, however, the plaintiff has been given multiple opportunities to amend the complaint, and has not

requested leave to amend further.  Additionally, as discussed above, the plaintiff has not plausibly alleged that any constitutional violation occurred in the first instance. Accordingly, neither amendment nor supervisory liability can save the plaintiff's § 1983 claims.

    D.   Municipal Liability

    The plaintiff seeks to hold the defendants liable under a Monell theory.  The Supreme Court decided in Monell v. Department of Social Services, 436 U.S. 658 (1978), that municipalities could, in some circumstances, be sued under § 1983.  The defendants, however, are all either state officials or state agencies, not municipalities.  Cf. Hu v. City of New York, 927 F.3d 81, 104 (2d Cir. 2019) (discussing municipal liability under Monell).  State governments and state officials in their official capacity may not be sued at all under § 1983. Huminski v. Corsones, 396 F.3d 53, 70 (2d Cir. 2005) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). And, as discussed above, the TAC has not plausibly alleged that the individual defendants committed violations of § 1983 in their individual capacities either.  Accordingly, A.D. has not presented a theory by which any defendant may be held liable under § 1983.  A.D.'s § 1983 claims must therefore be dismissed.

II.  Statutory Claims

A.D. brings claims for damages and declaratory relief against the defendants for violation of the Americans with Disabilities Act and the Rehabilitation Act.  Sovereign immunity bars claims under § 504 of the Rehabilitation Act for money damages against states, state agencies, and state officials in their official capacity unless the defendants acted with intent, defined as a "deliberate indifference to the strong likelihood of a violation."  Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 275 (2d Cir. 2009) (citation omitted).  Such claims are subject to an even more stringent standard when brought under Title II of the ADA, which abrogates sovereign immunity only when the defendants have acted with "discriminatory animus or ill will."  Garcia v. S.U.N.Y. Health Sci. Ctr. Of Brooklyn, 280 F.3d 98, 112 (2d Cir. 2001).

The TAC's conclusory allegations are not sufficient to plead animus or deliberate indifference.  The TAC alleges that the defendants were aware of the plaintiff's detention and either indifferently, knowingly, or intentionally continued to keep him confined.  But the TAC does not plead facts sufficient to plausibly support this conclusion.

13

The plaintiff argues that the TAC demonstrates deliberate indifference because it alleges that other inmates had been incarcerated past their release dates, and that the defendants did not change their policies to address this problem. But the TAC provides no information about these other incarcerations, and does not explain what policies should have been changed. These allegations are not sufficient to establish deliberate indifference, much less discriminatory animus. The claims under the ADA and Rehabilitation Act for damages against state agencies and state officials sued in their official capacity must therefore be dismissed.

The individual capacity claims and claims for declaratory relief fare no better. The doctrine of sovereign immunity bars claims for declaratory relief just as it bars claims for money damages. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993). And the claims against the individual defendants in their individual capacities must also be dismissed because "neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." Garcia, 280 F.3d at 107.

## Conclusion

The defendants' December 1, 2021 motion to dismiss is granted.  The Clerk of Court shall enter judgment for the defendants and close the case.

Dated:     New York, New York
           February 22, 2022

                                    _____
                                          DENISE COTE
                                 United States District Judge

15